**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Alicia Ousley** | : | |
| 8730 Ripton Drive | : | |
| Powell, Ohio 43065 | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-CV-1744 |
| | : | |
| v. | : | Judge |
| | : | |
| **CG Consulting, LLC** | : | Magistrate Judge |
| d/b/a Scores Columbus | : | |
| 5411 Bethel Road | : | |
| Columbus, Ohio 43235 | : | |
| *Agent for Service of Process:* | : | |
| Darrell E. Fawley, Jr. | : | |
| 520 East Rich Street | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| and | : | |
| | : | |
| **Jose Canseco** | : | |
| c/o Scores Columbus | : | |
| 5411 Bethel Road | : | |
| Columbus, Ohio 43235 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**
**(Jury Demand Endorsed Hereon)**

Plaintiff Alicia Ousley ("Plaintiff"), by and through undersigned counsel, states the following as her Complaint for claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Fair Labor Standards Act, 29 U.S.C. § 206, Ohio's anti-discrimination law, R.C. Chapter 4112, the Ohio Minimum Fair Wage Standards Act, R.C. 4111.01 *et seq.*, Ohio Constitution Art. II, § 34a, Ohio's Prompt Pay Act, R.C. 4113.15, and Ohio common law of assault and battery against Defendants CG Consulting, LLC, d/b/a Scores Columbus ("Defendant Scores") and Jose Canseco ("Defendant Conseco"):

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Counts I, II and III pursuant to 28 U.S.C. § 1331 because the claims are set forth pursuant to the law of the United States of America.

2. The Court has supplemental jurisdiction over Counts IV – XI, Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because the claims arise out of the same set of operative facts.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to the causes of action occurred in Franklin County, Ohio, within the Southern District of Ohio, Eastern Division.

## PARTIES

4. Plaintiff is a natural person residing in Franklin County, Ohio. At all relevant times, Plaintiff was an employee of Defendant Scores.

5. At all relevant times hereto, Defendant Scores operated a gentleman's club at 5411 Bethel Road, Columbus, Ohio 43235. Defendant Scores is an Ohio corporation. At all relevant times, Defendant employed at least fifteen (15) employees within the meaning of Title VII. Therefore, Defendant Scores meets the definition of "employer" set forth in 42 U.S.C. § 2000e(b).

6. Defendant Canseco is a natural person. At all times relevant hereto, Defendant Scores employed Defendant Canseco as the General Manager.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff began working as a bartender at Defendant Scores on or about April 18, 2018.

8. Defendant Scores did not pay Plaintiff for work performed on April 19, 2018, April 20, 2018, April 24, 2018, April 26, 2018 and April 27, 2018. Plaintiff performed 56 hours of work without pay.

9. At approximately 11:50 p.m. on Thursday, May 17, 2018, Elle Woods, another bartender working that night, informed Plaintiff that she was going to take a smoke break.

10. When Ms. Woods returned from her smoke break, Plaintiff wanted to take a smoke break, but Defendant Canseco did not allow smoke breaks after midnight.

11. Defendant Canseco was not on the floor, so Plaintiff asked the bouncer to radio him to ask if she could take a smoke break. Defendant Canseco said no even though it was 11:58 p.m.

12. Plaintiff went back to the office where Defendant Canseco was and asked him in person if she could take a smoke break. Plaintiff informed Defendant Canseco that when she asked over the radio for a smoke break, it was not yet midnight.

13. Defendant Canseco responded that it was after midnight now so Plaintiff could not take a smoke break. But Defendant Canseco said that if Plaintiff sold ten (10) shots, then she could take a smoke break.

14. Plaintiff proceeded back to the bar and informed Ms. Woods that she could not take a smoke break. Ms. Woods advised Plaintiff to bribe Defendant Canseco with five dollars ($5).

15. Plaintiff started back to the office and encountered Defendant Canseco in front of the walk-in cooler. Plaintiff stated, "Elle said I should just bribe you…" but before Plaintiff could say "with $5," Defendant Canseco backed himself into the cooler where the security cameras could not see him and unzipped his pants. Plaintiff understood this to

mean that if she had sexual relations with Defendant Canseco, he would allow Plaintiff to have a smoke break.

16. Plaintiff immediately said, "No, dude, like five bucks."

17. Defendant Canseco then rezipped his pants and said, "Then, I guess you better go sell those ten shots."

18. As Defendant Canseco walked by Plaintiff to leave, he grabbed her vagina twice. Defendant Canseco cupped his hand, grabbed Plaintiff's entire vagina region, and clenched his hand onto her vagina. Defendant Canseco pulled his hand away momentarily, but then he grabbed Plaintiff's vagina again. The second time Defendant Canseco grabbed Plaintiff's vagina, he pushed his finger into her vagina through her panties.

19. When Plaintiff returned to the bar, she began crying and had difficulty performing her job duties.

20. Ms. Woods pulled Plaintiff aside and asked what happened. When Plaintiff recounted Defendant Canseco's sexual assault, Ms. Woods advised Plaintiff not to say anything. Ms. Woods advised Plaintiff to take a smoke break and stand where the security cameras could not see her.

21. While outside smoking, Plaintiff began to cry again. One of the dancers was outside with Plaintiff. When the dancer saw Plaintiff crying, and without Plaintiff saying anything, the dancer asked, "What did Jose do?" When Plaintiff recounted Defendant Canseco's sexual assault, the dancer advised Plaintiff to finish her cigarette, follow her into the restroom to get cleaned up, go back to the bar and finish her shift. The dancer advised Plaintiff not let

Defendant Canseco see her upset. The dancer recommended that Plaintiff complain to Chuck Hale, Manager, because he could help Plaintiff.

22. On Friday, May 18, 2018, Plaintiff filed a report of Defendant Canseco's sexual assault with the Columbus Division of Police.

23. On Friday, May 18, 2018, Plaintiff worked a shift for the day-time bartender so the bartender could attend a concert. Even though Defendant Canseco was not working, Plaintiff had a lot of anxiety and vomited throughout the day.

24. After Plaintiff's shift on Friday, May 18, 2018, Plaintiff complained about Defendant Canseco's sexual assault to Mr. Hale.

25. When Plaintiff expressed fear of being terminated or forced to resign, Mr. Hale assured Plaintiff that she would not have to quit her job and that Defendant Canseco's actions would not be tolerated.

26. On Sunday, May 20, 2018, Plaintiff received the schedule for the following week. Plaintiff was scheduled to work with Defendant Canseco on Thursday, May 24, 2018 and Saturday, May 26, 2018.

27. When Plaintiff expressed concern about working with Defendant Canseco, Mr. Hale assured Plaintiff that he would be there as well so she did not need to worry about Defendant Canseco sexually assaulting her again.

28. Plaintiff closed on Sunday, May 20, 2018 and worked the day shift on Monday, May 21, 2018 to cover for the day shift bartender. Plaintiff was not scheduled to work on Tuesday, May 22, 2018, but worked at Mr. Hale's request. Plaintiff was not scheduled to work on Wednesday, May 23, 2018 off.

29. Plaintiff was scheduled to work at 9:00 p.m. on Thursday, May 24, 2018, but she was asked to come in at 7:00 p.m. by Alexis Last Name Unknown ("LNU").

30. Plaintiff feared working with Defendant Canseco the first time after his sexual assault of her, and she texted Mr. Hale to ensure that he would be working that night. Mr. Hale indicated that he would be working that night.

31. Prior to the start of Plaintiff's shift, Defendant Canseco telephoned her. Frightened, Plaintiff did not answer the call. Plaintiff telephoned Mr. Hale to inform him that Defendant Canseco telephoned her, but Mr. Hale did not answer the call.

32. As Plaintiff was walking into work on Thursday, May 24, 2018, she received a text message from Defendant Canseco terminating her employment. Defendant Canseco texted, "…We are going to go in a different direction and terminate your employment at the club effective immediately…"

33. As Plaintiff was walking into work and getting the text firing her, Plaintiff encountered Mr. Hale. Plaintiff informed Mr. Hale that she had been terminated. Mr. Hale responded that he knew. Plaintiff asked Mr. Hale if she could speak with him, but he stated, "No. This is Jose's problem, and I want nothing to do with it." Mr. Hale then apologized to Plaintiff.

34. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 1, 2018, Charge No. 532-2019-00020.

35. Plaintiff received a Right to Sue Letter dated April 6, 2019, attached hereto as Exhibit 1.

## COUNT I: SEX DISCRIMINATION/SEXUAL HARASSMENT
## AGAINST DEFENDANT SCORES
## 42 U.S.C. § 2000e *et seq.*

6

36. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

37. Plaintiff is a member of a protected class because she is female.

38. Plaintiff was subjected to unwelcomed sexual harassment when Defendant Canseco unzipped his pants and propositioned Plaintiff for sex in exchange for a smoke break and when Defendant Canseco grabbed Plaintiff's vagina twice.

39. The unwelcomed harassment was because of Plaintiff's sex.

40. The sexual assault unreasonably interfered with Plaintiff's work performance and created a hostile work environment as evidenced by, among other actions, the fact that Plaintiff cried on the night of the sexual assault and could not perform her job duties; she experienced fear, anxiety and vomiting the following day at work, interfering with her work; she experienced fear and anxiety because she was scheduled to work with Defendant Canseco again; and she ensured Chuck Hale would be working and protect her when Plaintiff worked with Defendant Canseco.

41. Defendant Scores failed to take appropriate action as evidenced by, among other actions, the fact that it terminated Plaintiff.

42. Defendant Scores discriminated against Plaintiff because of her sex in violation of 42 U.S.C. § 2000e-2(a)(1).

### COUNT II: RETALIATION FOR COMPLAINTS OF SEX DISCRIMINATION/SEXUAL HARASSMENT AGAINST DEFENDANT SCORES
### 42 U.S.C. § 2000e-3(a)

43. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

44. Plaintiff engaged in protected activity when she complained about Defendant Canseco's sexual assault to Chuck Hale, Manager, on May 18, 2018.

45. Because Chuck Hale is a Manager, Defendant Scores has knowledge of Plaintiff's protected activity.

46. Defendant Scores took an adverse action against Plaintiff when it terminated her employment on May 24, 2018.

47. There is a causal connection between Plaintiff's complaints of sexual assault to Chuck Hale and her termination as evidenced by, among other actions, the temporal proximity between the protected activity and the adverse employment action.

48. Defendant Scores retaliated against Plaintiff in violation of 42 U.S.C. § 2000e-3(a).

### COUNT III: MINIMUM WAGE PROVISION, FAIR LABOR STANDARDS ACT
### AGAINST DEFENDANT SCORES
### 29 U.S.C. § 206

49. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

50. Plaintiff performed work on April 19, 2018, April 20, 2018, April 24, 2018, April 26, 2018 and April 27, 2018, totaling 56 hours of work, for which Defendant Scores did not pay Plaintiff.

51. Defendant Scores violated 29 U.S.C. § 206.

### COUNT IV: SEX DISCRIMINATION/SEXUAL HARASSMENT
### AGAINST DEFENDANTS SCORES AND CANSECO
### R.C. Chapter 4112.02(A) and 4112.99

52. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

53. Plaintiff is a member of a protected class because she is female.

8

54. Plaintiff was subjected to unwelcomed sexual harassment when Defendant Canseco unzipped his pants and propositioned Plaintiff for sex in exchange for a smoke break and when Defendant Canseco grabbed Plaintiff's vagina twice.

55. The unwelcomed harassment was because of Plaintiff's sex.

56. The sexual assault unreasonably interfered with Plaintiff's work performance and created a hostile work environment as evidenced by, among other actions, the fact that Plaintiff cried on the night of the sexual assault and could not perform her job duties; she experienced fear, anxiety and vomiting the following day at work which interfered with her work; she experienced fear and anxiety because she was scheduled to work with Defendant Canseco again; and she ensured Chuck Hale would be working and protect her when Plaintiff worked with Defendant Canseco.

57. Defendant Scores failed to take appropriate action as evidenced by, among other actions, the fact that it terminated Plaintiff.

58. Defendant Scores and Canseco discriminated against Plaintiff because of her sex in violation of R.C. 4112.02(A) and R.C. 4112.99.

## COUNT V: AIDED/ABETTED SEX DISCRIMINATION/SEXUAL HARASSMENT AGAINST DEFENDANT CANSECO
### R.C. Chapter 4112.02(J)

59. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

60. Plaintiff is a member of a protected class because she is female.

61. Plaintiff was subject to unwelcomed sexual harassment when Defendant Canseco unzipped his pants and propositioned Plaintiff for sex in exchange for a smoke break and when Defendant Canseco grabbed Plaintiff's vagina twice.

9

62. The unwelcomed harassment was because of Plaintiff's sex.

63. The sexual assault unreasonably interfered with Plaintiff's work performance and created a hostile work environment as evidenced by, among other actions, the fact that Plaintiff cried on the night of the sexual assault and could not perform her job duties; she experienced fear, anxiety and vomiting the following day at work which interfered with her work; she experienced fear and anxiety because she was scheduled to work with Defendant Canseco again; and she ensured Chuck Hale would be working when Plaintiff worked with Defendant Canseco.

64. Defendants Scores and Canseco failed to take appropriate action as evidenced by, among other actions, the fact that it terminated Plaintiff.

65. Defendant Canseco aided, abetted, incited, compelled or coerced an unlawful discriminatory practice and/or attempted directly or indirectly to commit an unlawful discriminatory practice in violation of O.R.C. 4112.02(J).

**COUNT VI: RETALIATION FOR COMPLAINTS OF
SEX DISCRIMINATION/SEXUAL HARASSMENT
AGAINST DEFENDANTS SCORES AND CANSECO
R.C. 4112.01(I)**

66. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

67. Plaintiff engaged in protected activity when she complained about Defendant Canseco's sexual assault to Chuck Hale, Manager, on May 18, 2018.

68. Because Chuck Hale is a Manager, Defendant Scores has knowledge of Plaintiff's protected activity.

69. Defendant Scores took an adverse action against Plaintiff when it terminated her employment on May 24, 2018.

70. There is a causal connection between Plaintiff's complaints of sexual assault to Chuck Hale and her termination as evidenced by, among other actions, the temporal proximity between the protected activity and the adverse employment action.

71. Defendants Scores and Canseco retaliated against Plaintiff in violation of 42 U.S.C. § 2000e-3(a).

### COUNT VII: AIDED/ABETTED RETALIATION FOR COMPLAINTS OF SEX DISCRIMINATION/SEXUAL HARASSMENT AGAINST DEFENDANT CANSECO R.C. 4112.01(J)

72. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

73. Plaintiff engaged in protected activity when she complained about Defendant Canseco's sexual assault to Chuck Hale, Manager, on May 18, 2018.

74. Because Chuck Hale is a Manager, Defendant Scores has knowledge of Plaintiff's protected activity.

75. Defendant Scores took an adverse action against Plaintiff when it terminated her employment on May 24, 2018.

76. There is a causal connection between Plaintiff's complaints of sexual assault to Chuck Hale and her termination as evidenced by, among other actions, the temporal proximity between the protected activity and the adverse employment action.

77. Defendant Canseco aided, abetted, incited, compelled or coerced an unlawful retaliatory practice and/or attempted directly or indirectly to commit an unlawful retaliatory practice in violation of O.R.C. 4112.02(J).

### COUNT VIII: OHIO MINIMUM FAIR WAGE STANDARDS ACT AGAINST DEFENDANT SCORES R.C. 4111.02

78. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

79. Plaintiff performed work on April 19, 2018, April 20, 2018, April 24, 2018, April 26, 2018 and April 27, 2018, totaling 56 hours of work, for which Defendant Scores did not pay Plaintiff.

80. Defendant Scores violated R.C. 4111.02.

### COUNT IX: OHIO CONSTITUTION, ARTICLE II, § 34a
### AGAINST DEFENDANT SCORES

81. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

82. Plaintiff performed work on April 19, 2018, April 20, 2018, April 24, 2018, April 26, 2018 and April 27, 2018, totaling 56 hours of work, for which Defendant Scores did not pay Plaintiff.

83. Defendant Scores violated Article II, § 34a of the Ohio Constitution.

### COUNT X: OHIO PROMPT PAY ACT
### AGAINST DEFENDANT SCORES
### R.C. 4113.15

84. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

85. Plaintiff performed work on April 19, 2018, April 20, 2018, April 24, 2018, April 26, 2018 and April 27, 2018, totaling 56 hours of work, for which Defendant Scores did not promptly pay Plaintiff.

86. Defendant Scores violated R.C. 4113.15.

### COUNT XI: ASSAULT AND BATTERY
### AGAINST DEFENDANT CANSECO

87. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

88. Defendant Canseco owed a duty to Plaintiff to refrain from causing her harm.

89. Defendant Canseco breached this duty when he offensively grabbed Plaintiff's vagina twice, and created a reasonable apprehension for Plaintiff that he would continue to grab or touch her offensively.

90. Defendant Canseco intended to cause harmful and offensive contact.

91. Defendant Canseco's contact and attempted contact caused harm to Plaintiff.

92. Plaintiff has suffered damages.

93. Defendant Canseco committed assault and battery against Plaintiff.

**WHEREFORE,** Plaintiff Alicia A. Ousley prays for judgment in her favor, back pay, front pay or reinstatement, punitive damages, pain and suffering, compensatory and non-economic damages in an amount exceeding $75,000, attorneys' fees, costs, pre- and post-judgment interest, and any other relief to which she may be entitled.

Respectfully Submitted,

*s/Laren E. Knoll*
Laren E. Knoll (0070594)
THE KNOLL LAW FIRM, LLC
7240 Muirfield Drive, Suite 120
Dublin, Ohio 43017
Telephone: (614) 372-8890
Facsimile: (614) 452-4850
Email: lknoll@knolllaw.com
*Trial Attorney for Plaintiff Alicia Ousley*

## **JURY DEMAND**

Plaintiff requests a trial by a jury an all issues set forth herein.

*s/Laren E. Knoll*
Laren E. Knoll (0070594)
THE KNOLL LAW FIRM, LLC
*Trial Attorney for Plaintiff Alicia Ousley*
