**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ALICIA OUSLEY, JOSHUA VOTAW, AND MICHAEL STARKEY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CG CONSULTING, LLC D/B/A SCORES COLUMBUS, *ET AL.*, | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 2:23-cv-01435

Magistrate Judge Kimberly A. Jolson

**ORDER AND OPINION GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT**

This is a Fair Labor Standards Act ("FLSA") collective action case. On May 12, 2023, Plaintiffs Alicia Ousley ("Ousley"), Josh Votaw ("Votaw"), and Michael Starkey ("Starkey") ("Plaintiffs") moved the Court for approval of their Unopposed Motion for Approval of Collective Action Settlement Agreement and Release ("Agreement") (hereinafter the "Motion for Approval") reached with Defendants' CG Consulting, LLC ("CG"), Anthony Quaranta ("Quaranta"), and Nicholas Castaldo ("Castaldo") (CG, Quaranta, and Castaldo hereinafter "Defendants") (collectively hereinafter the "Parties"). Plaintiffs' Counsel also requests an award of attorneys' fees and litigation expenses. Defendants have agreed not to oppose this request. For the following reasons, Plaintiffs' Unopposed Motion is **GRANTED**. The Agreement is **APPROVED** as to each Plaintiff, and Plaintiffs' Counsel is awarded the requested attorneys' fees and expenses.

I.     BACKGROUND

In their Third Amended Complaint under Counts VIII, IX, X, XI, and XV, Plaintiffs asserted wage-and-hour claims under the FLSA, 28 U.S.C. § 201, *et seq.*, and mirrored Ohio claims, including the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("OMFWSA"),

the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, and Article II, Section 34a of the Ohio Constitution ("§ 34a") (the OMFWSA, § 34a, and the OPPA will be referred to collectively as the "Ohio Acts"). (Doc. No. 80, PAGEID # 735) In particular, Plaintiffs alleged that Defendants failed to pay them minimum wage and other compensation in violation of the FLSA and Ohio Acts. (*Id*.) On August 10, 2021, Defendants filed their Answer, in which they strenuously denied all material allegations and claims asserted in the Act, further denied any violation of the FLSA, the Ohio Acts, and any other law, and asserted twenty-two (22) affirmative defenses. (Doc. No. 83, Answer; Ex. 1, Agreement, ¶ 3).

Following the Court's Order granting conditional certification (Doc. No. 58), deposition testimony from all key parties, and the close of discovery, on March 16, 2022, Plaintiffs filed their Motion for Rule 23 Certification (Doc. No. 103), Defendants filed their Response in Opposition (Doc. No. 116) on April 20, 2022, and Plaintiffs filed their Reply (Doc. No. 118) on May 4, 2022. On May 18, 2022, Plaintiffs also filed a Motion for Partial Summary Judgment (Doc. No. 120) as to Counts VIII, IX, X, XI, and XV of Plaintiffs' Third Amended Collective and Class Action Complaint, Defendants filed their Response in Opposition (Doc. No. 121) on June 8, 2022, and Plaintiffs filed their Reply (Doc. No. 122) on June 22, 2022. On December 16, 2022, the Court denied Plaintiffs' Motion to Certify Rule 23 Class and granted in part and denied in part Plaintiffs' Motion for Partial Summary Judgment. (Doc. No. 125.) Thereafter, in order to avoid the burden, expense, risks, disruption, and uncertainty of protracted collective action litigation, the Parties filed Joint Request to Vacate Trial Schedule and Refer this Matter to Mediation (Doc. No. 128; Ex. 1, Agreement, ¶ 4).

On March 6, 2023, the Parties participated in mediation before Magistrate Judge Kimberly A. Jolson of the Southern District of Ohio, Eastern Division. At the conclusion of mediation, the

Parties were ultimately able to reach a resolution as to the wage and hour claims (Counts VIII, IX, X, XI, XIII, and XV), which was memorialized the same day in a Memorandum of Agreement. (Ex. 1, Agreement, ¶ 6; Exhibit 2, Declaration of Daniel I. Bryant, ¶ 18)[1] On May 4, 2023, the Parties fully executed the Agreement on the terms of a resolution of this matter in the total amount of $70,000.00. (*Id.*)

Under the Agreement, Plaintiffs will release any wage and hour claims they brought or could have brought against Defendants. In turn, while denying liability, Defendants will pay Plaintiffs a Total Settlement Amount of $70,000.00. (Ex. 1, Agreement, ¶ 14) The Agreement reflects that the Total Settlement Amount will be divided in the following manner: (1) $15,197.54 for individual payments; and (2) $41,160.31 in attorneys' fees (using the lodestar method) and $13,642.15 in costs associated with prosecuting this matter, all of which were significantly reduced as part of the negotiations in order to reach a resolution. (Ex. 1, Agreement, ¶¶ 14, 26, and 28; Ex. 2, Bryant Decl., ¶¶ 19, 40).

As outlined in the Agreement, the alleged damages with respect to Counts VIII, IX, X, XI, XIII, and XV of the Action were calculated based on the number of hours each Plaintiff worked during their applicable employment period. In particular, Plaintiffs' alleged unpaid compensation was calculated by beginning with the number of hours they each worked during their employment within each applicable three-year lookback[2] period (each lookback period hereinafter "Calculation Period"). (Ex. 1, Agreement, ¶ 10; Ex. 2, Bryant Decl., ¶¶ 20-22) Next, Plaintiffs' alleged damages were calculated by taking the difference between each Plaintiff's base tip credit wage and the

---

[1] Hereinafter "Bryant Decl."
[2] Plaintiff Ousley's period of employment was April 18, 2018 until May 24, 2018. Plaintiff Votaw's applicable three-year lookback period is January 25, 2018 until August 10, 2018 (since his Consent Form was filed on January 25, 2021). Plaintiff Starkey's applicable three-year lookback period is May 18, 2018 until the end of his employment on August 24, 2018 (since his Consent Form was filed on May 18, 2021).

(higher) full minimum wage in Ohio for the applicable year. (*Id.*) For example, Plaintiff Ousley was paid a base tip credit wage of $4.05 per hour in 2018, so Plaintiff Ousley's alleged damages is the difference between $8.30 (Ohio's minimum wage in 2018) and $4.05, or $4.25. As such, Plaintiffs' Counsel multiplied $4.25 by the total number of hours she worked (124.85 hours) during her employment to arrive at $530.61. (*Id.*) Next, Plaintiffs' Counsel tripled that number because Art. II, Section 34a of the Ohio Constitution has a mandatory treble damages provision to arrive at the maximum potential recovery of $1,591.84. (*Id.*) The individual payment amounts for each Plaintiff as outlined in the Agreement was the result of the same methodology. (*See* Ex. 1, ¶ 14) As a result, the individual payments Defendants have agreed to pay Plaintiffs represent 100% of the maximum potential recovery of compensation each Plaintiff could have recovered at trial *and* treble damages (i.e. 300% of their alleged damages). (Ex. 1, Agreement, ¶ 29; Ex. 2, Bryant Decl., ¶ 22)

## II.     STANDARD

As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Headspeth v. TPUSA, Inc.*, No. 2:19-CV-2062, 2022 WL 4094448, at *1 (S.D. Ohio Sept. 7, 2022) (Morrison, J.) (citing *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011)). *See* 29 U.S.C. § 216(b), (c). This is so even in a case that involves individual as opposed to collective claims. *Camp v. Marquee Constr., Inc.*, No. 2:18-CV-831, 2020 WL 59517, at *1 (S.D. Ohio Jan. 6, 2020) ("FLSA cases require court approval, even where only one litigant's rights are implicated.") To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.

2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (Dlott, J.) (applying the same factors to an FLSA settlement).

Courts look to several factors when undertaking this inquiry, including (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Headspeth*, 2022 WL 4094448, at *1 (citing *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). *See also Chime v. Family Life Counseling & Psychiatric Servs.*, No. 1:19CV2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 17, 2020) (echoing six fairness factors, including opinions of counsel). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Headspeth*, 2022 WL 4094448, at *1 (quoting *Gentrup*, 2011 WL 2532922, at *3). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

### III. DISCUSSION

Having reviewed the Agreement, the Court concludes that it is fair, reasonable, and adequate in all respects. The Parties zealously litigated this case with competent and experienced counsel since May 2, 2019, so there is no indicia of fraud of collusion. This case would have continued at considerable expense to the parties if the Agreement had not been reached. If forced to litigate this case further, the Parties would certainly engage in complex, costly and protracted

litigation, including trial(s) and the potential for appeal on one or more issues. The Settlement, on the other hand, provides immediate relief to Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of a resolution. (Ex. 2, Bryant Decl., ¶ 28). Indeed, several disputes remain, including (1) whether Plaintiffs are entitled to any compensation; (2) whether Defendants' pay policies/practices were made in good faith under the FLSA; (3) the amount of compensation, if any, that Plaintiffs could recover; and (4) Defendants affirmative defenses. (*Id*., ¶¶ 31-33) Accordingly, the Court is satisfied that Plaintiffs' FLSA and state law claims were actually and reasonably in dispute. *See, e.g., Murrell v. Transamerica Agency Network, Inc.*, No. 2:20-cv-02559, Doc. 14, PAGEID # 86 (S.D. Ohio Jan. 14, 2021) (Jolson, M.J.).

All settlement negotiations were extensive, conducted fairly, at arm's-length, and only occurred after the exchange and rigorous analysis of the relevant case law, pay and time data, and a lengthy exhaustion of the Parties' legal and factual positions at mediation. Plaintiffs' Counsel, who is experienced in wage and hour class and collective actions, support the settlement as fair and reasonable, and certifies that it was reached at arm's-length. *See Gresky v. Checker Notions Co. Inc.*, No. 3:21-CV-01203, 2022 WL 3700739, at *5 (N.D. Ohio Aug. 26, 2022) (Helmick, J.) (arm's-length negotiations conducted by experienced counsel is evidence that settlement is fair).

The Parties engaged in substantial investigation, analysis, multiple depositions, and lengthy briefing of summary judgment prior to negotiating the Settlement. Plaintiffs' Counsel reviewed the payroll and other wage data, including dates of employment, required to conduct their own analysis of Plaintiffs' alleged damages and Defendants' own assessment of the merits of Plaintiffs' claims and Defendants' defenses. In addition, Plaintiffs' assessed their potential risk of loss and likelihood of success at trial. Thus, the legal and factual issues in the case were thoroughly exhausted and debated by the Parties in reaching the Settlement at mediation.

Moreover, a fair and reasonable settlement agreement promotes the public's interest in encouraging settlement of litigation. *Satterly v. Airstream, Inc.*, No. 3:19-cv-107, 2020 WL 6536342 at *7 (S.D. Ohio Sep. 25, 2020) (Rice, J.); *Mitchell v. Indep. Home Care, Inc.*, No. 2:17-cv-717, 2019 WL 696941, at *5-6 (S.D. Ohio Feb. 20, 2019) (Vascura, M.J.), *report and recommendation adopted*, No. 2:17-cv-717, 2019 WL 1125760 (S.D. Ohio Mar. 12, 2019) (Watson, J.). The settlement provides immediate relief to the Plaintiffs, avoids further litigation in a complex matter, and frees the Court of judicial resources, all of which weigh in favor of approving the Settlement. *See Satterly*, 2020 WL 6536342, at *7.

With respect to the individual payments, although the parties dispute both the existence and amount of unpaid compensation, based upon Plaintiffs' calculations, their individual settlement awards represent 100% of their maximum *potential recovery*. (Ex. 1, Agreement, ¶ 29; Ex. 2, Bryant Decl., ¶ 22)

In the Sixth Circuit, the recovery in wage and hour cases is often 7-11%. *Jones v. Converse Elec., Inc.*, No. 2:21-CV-01830, 2022 WL 15654293, at *3 (S.D. Ohio Oct. 28, 2022) (Morrison, J.). *See Yorba*, No. 2:21-CV-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (Sargus, J.); *Smith v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022) (Parker, J.); and *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010). Not only do the individual settlement awards overwhelmingly exceed the Court's standard in terms of likely recovery, each settlement award represents the maximum *potential* recovery. As such, there is no question that it is fair, reasonable, and equitable. *See Myres v. Hopebridge, LLC*, No. 2:20-CV-5390, 2023 WL 2399056, at *5 (S.D. Ohio Feb. 21, 2023) (Sargus, J.) (observing that "[r]ecovery of 76.5% of likely recovery of alleged unpaid overtime work is not just fair and reasonable, it is exceptional."). *See also Harsh v. Kalida*

*Mfg., Inc.*, No. 3:18-CV-2239, 2021 WL 4145720, at *2-9 (N.D. Ohio Sept. 13, 2021) (Helmick, J.) (observing that a recovery of 42% of the alleged overtime damages is "substantial relief"); *Vigna*, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016) (Dlott, J.) (approval of FLSA settlement where individual payments represented 55% of wages alleged owed). The Agreement is, accordingly, approved as to each plaintiff.

Having concluded that the overall terms of the settlement are fair, reasonable, and equitable, the Court finds that Plaintiffs' Counsel's fee, costs, and expenses of $41,160.31 in attorneys' fees (using the lodestar method) and $13,642.15 in costs associated with prosecuting this matter are reasonable. Under the Agreement, Defendants do not oppose this request. (Ex. 1, ¶¶ 22, 27) These fees and expenses are to be paid to Plaintiffs' Counsel separate and apart from the individual settlement awards payable to Plaintiffs. (*Id.*, ¶¶ 14, 25-28)

Under 29 U.S.C. § 216(b), "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs [in an FLSA action], allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United State, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir. 1984)). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.' " *Id.* at 1134-35 (quoting *United Slate,* 732 F.2d at 503). Plaintiffs " 'bear[ ] the burden of proving that the requested fees and expenses are reasonable.' " *Barnett v. E-Waste Sys., Inc.,* No. 1:14-cv-908, 2015 WL 1757302, at *7 (S.D. Ohio Apr. 17, 2015) (quoting *Citizens Against*

*Pollution v. Ohio Power Co.,* 484 F. Supp. 2d 800, 808 (S.D. Ohio 2007)). "In determining what is reasonable, the general approach is to 'first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate.' " *Citizens Against Pollution*, 484 F. Supp. 2d at 808 (quoting *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999)). "There is a 'strong presumption that the lodestar represents the reasonable fee." ' *Id.* (quoting *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992)).

In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)). District Courts use the lodestar method in certain wage and hour cases involving relatively small claims and therefore small amounts of damages in question and, as a result, counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case. *Harsh*, 2021 WL 4145720 at *8. In these circumstances, such a result is still necessary because the remedial purpose of the FLSA is to help an employee recover their wages, however significant or small. *Id.*

To calculate the lodestar, the court first determines counsel's reasonable hourly rate(s) and the number of hours that counsel "reasonably expended" on the case. *Gresky*, 2022 WL 3700739, at *8 (citing *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021) (citing *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013)). Multiplying reasonable rates times reasonable hours yields the lodestar. *Id.* (citing *Waldo*, 726 F.3d at 821).

There is no proportionality limit on recoverable attorneys' fees either. *Id*. (citing *Rembert*, 986 F.3d at 617).

It is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See Fegley*, 19 F.3d at 1130 (6th Cir. 1994) (awarding attorneys' fees that were more than five times the amount awarded to the plaintiff). Consistent with *Fegley*, many courts within the Sixth Circuit (including this Court) have regularly granted attorneys' fees and costs in excess of the amount recovered to plaintiffs in FLSA cases. *See, e.g.*, *Funk v. Airstream, Inc.*, No. 3:17-cv260, 2019 WL 4599816 (S.D. Ohio Sept. 23, 2019) (Rice, J.) (awarding $171,663.01 in attorneys' fees and costs where $21,338.00 was awarded to the FLSA collective); *Brantingham v. Emergency Servs., Inc.*, No. 2:16-cv-1169, 2017 WL 5175866 (S.D. Ohio Nov. 8, 2017) (Deavers, M.J.) (awarding $35,586.97 in attorneys' fees and costs and $13,168.63 in damages to plaintiffs); *Ford v. Carnegie Mgmt. Servs., Inc.*, 2017 WL 4390294 (S.D. Ohio Oct. 3, 2017) (Jolson, M.J.) (awarding $89,606.74 in attorneys' fees and costs and $24,893.26 to the collective); *West v. Emeritus Corp.*, No. 3:15-CV-437, 2017 WL 2880394 (M.D. Tenn. July 5, 2017) (awarding approximately $9,000 in damages and $46,000 in fees and costs); *Jasper v. Home Health Connection, Inc.*, No. 2:16-cv-125, 2016 WL 8202768 (S.D. Ohio Oct. 14, 2016) (Jolson, M.J.) (awarding $63,000 in attorneys' fees and costs, and $35,000 in damages to plaintiffs); *Macklin v. Delta Metals Co., Inc.*, No. 2:08-cv-02667, 2011 WL 13070420 (W.D. Tenn. July 6, 2011) (awarding $48,802.02 in attorneys' fees and costs after previously only awarding $300.15 in damages); *Abdelkhaleq v. Precision Door of Akron*, No. 5:07 CV 3585, 2010 WL 395236 (N.D. Ohio Jan. 25, 2010) (awarding $30,470.10 in attorneys' fees and $3,948.96 in damages). The Sixth Circuit has also recently repeated this long-standing principle. *See Smyers v. Ohio Mulch Supply, Inc., et al.*, No. 21-3008, 2021 WL 2774665, at *2 (6th Cir. July 1, 2021) (reversing trial court's

reduction of agreed upon attorneys' fees amount in FLSA settlement after erroneously holding attorneys' fees awards in FLSA cases should not be a large percentage of the total settlement amount.); *Rembert*, 986 F.3d at 617 (6th Cir. 2021) (holding that "a district court abuses its discretion if it limits the fees awardable under the FLSA to a percentage of the plaintiff's recovery").

In arriving at the reasonable hourly rate, the court typically looks to the prevailing rate in the relevant legal community for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Gresky*, 2022 WL 3700739 at *8 (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); and *Project Vote v. Blackwell*, No. 1:06-cv-1628, 2009 WL 917737, at *10–11 (N.D. Ohio Mar. 31, 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984)). "Courts will frequently award fees based on an attorney's customary rate, because 'normal billing rates usually provide an efficient and fair short cut for determining the market rate.' " *Project Vote*, 2009 WL 917737, at *11 (internal quotation marks omitted).

In this case, Plaintiffs' Counsel seeks approval of his lodestar, including hourly rate(s) and hours expended, that represent current market rates for individuals with their skills, experience, and reputation. In particular, attorney Daniel I. Bryant seeks approval of $41,160.31 in attorneys' fees based on his hourly rates of $275 (2019), $300 (2020-2021), and $400 (2022 to present), all of which have been previously approved by District Courts in other wage and hour matters, including collective and class action settlements. *See Gresky*, 2022 WL 3700739, at *8 (Helmick, J.) (approving attorney Bryant's hourly rate of $400 as reasonable in light of his "extensive experience representing employees in wage and hour matters, expertise, and skill" and that it "[f]alls within the range of hourly rates awarded by federal courts within the State of Ohio." (citing *Arp v. Hohla & Wyss Enters., LLC*, No. 3:18-CV-119, 2020 WL 6498956, at *7 (S.D. Ohio Nov.

5, 2020) (approving hourly rates upwards of $600 and $550 per hour in wage and hour matters); *Smith v. Loc. Cantina, LLC*, No. 2:20-CV-03064, 2022 WL 1183325, at *5 (S.D. Ohio Apr. 19, 2022) (same). This Court also recently preliminarily approved attorney Bryant's hourly rate of $400 per hour. *See Clark v. Miller Valentine Partners Ltd. II, et al.*, No. 1:20-cv-00295-DRC, Dkt No. 23 (S.D. Ohio Mar. 14, 2023) (Cole, J.). This Court agrees and sees no reason to deviate or adjust the requested rates in this case.

Turning to the number of hours, fee applicants are to exercise "billing judgment," i.e., to exclude from their fees excessive, redundant or otherwise unnecessary hours, which would be unreasonable to bill a client. *See West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 657 F.Supp.2d 914, 921 (S.D. Ohio 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983)). Subtracting hours from the total time to account for any excessive, redundant, or otherwise unnecessary hours, can satisfy the exercise of billing judgment. *See Rangel v. Paramount Heating & Air Conditioning, LLC.*, No. 2:17-CV-473, 2020 WL 1080418, at *5 (S.D. Ohio Mar. 6, 2020).

Plaintiffs' Counsel in this case averred that he has excluded any excessive, redundant, or otherwise unnecessary hours and has devoted over 314.7 hours to this matter at hourly rates ranging between $275, $300, and $400 from approximately September 24, 2019 until March 1, 2023 for a total in excess of $110,000 (Ex. 2, Bryant Decl., ¶¶ 38-41) However, Plaintiffs' Counsel has agreed to a reduced amount of $41,160.31, which is an overall reduction of over $70,000. In other words, Plaintiffs' Counsel has significantly reduced his lodestar as part of the settlement. (*Id.*) Attorney Bryant also averred that those hours do not include any work from March 1, 2023, resulting in further billable (uncompensated) hours. (*Id.*) Plaintiffs' Counsel also averred that he has not included any work from co-counsel, Laren E. Knoll, of the Knoll Law Firm, LLC, as part

of negotiation of the settlement. (*Id.*) The Court concludes that the attorneys' fees, including applicable hourly rates sought by Plaintiffs' Counsel and have been previously approved by one or more district Courts within the Sixth Circuit, are reasonable for the work performed and the results obtained for each Plaintiff.

Having determined that Plaintiffs' Counsel's attorney fees are reasonable, the Court also concludes that Plaintiffs' Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and obtaining settlement. *Gresky*, 2022 WL 3700739, at *11 (citing *Satterly*, 2020 WL 6536342, at *11). When costs and expenses are incurred that are necessary to litigate and prosecute the lawsuit, they are reasonable. *Id.* (citing *Wright v. Premier Courier, Inc.*, No. 2:16-CV-420, 2018 WL 3966253, at *7 (S.D. Ohio Aug. 17, 2018) (Watson, J.)). In this case, the out-of-pocket costs incurred that were necessary to litigate and prosecute the lawsuit and obtain a settlement requested by Plaintiffs' Counsel are $13,642.15. (Ex. 2, Bryant Decl., ¶ 42). This includes reasonable costs for commencement of the litigation, postage, the issuance of notice, court reporter fees, and deposition transcripts. (*Id.*) As such, the Court concludes that these costs are reasonable and necessary in connecting with litigating and resolving the action. Therefore, the Court grants Plaintiffs' Counsel's request for reimbursement of costs in the amount of $13,642.15.

## IV.     CONCLUSION

In sum, the Court approves the Settlement Agreement and **ORDERS** that the Settlement Agreement be implemented according to its terms and conditions. Additionally, the Court approves the payment of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel as provided in the Motion for Approval and accompanying Declaration from attorney Bryant and **ORDERS** that such payments be distributed in the manner, and subject to the terms and conditions

set forth in the Settlement Agreement. Further, upon agreement by the parties, this case as it pertains to Counts VIII, IX, X, XI, XIII, and XV is **DISMISSED with prejudice**. The Court shall retain jurisdiction over this case for purposes of administration or enforcement of the Settlement Agreement.

    IT IS SO ORDERED.


Date: May 16, 2023                                /s/ Kimberly A. Jolson
                                                                               KIMBERLY A. JOLSON
                                                                               UNITED STATES MAGISTRATE JUDGE